79 F.3d 1136
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Catalino Gonzalez ROBLES, Defendant, Appellant.
 No. 95-1088.
 United States Court of Appeals, First Circuit.
 March 19, 1996.
 
 Benito I. Rodriguez Masso for appellant.
 Juan A. Pedrosa, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, Jose A. Quiles-Espinosa, Senior Litigation Counsel, and Nelson Perez-Sosa, Assistant United States Attorney, were on brief for appellee.
 Before TORRUELLA, Chief Judge, COFFIN, Senior Circuit Judge, and CYR, Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant, in this prosecution for possession of marihuana with intent to distribute (21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2), appeals from the court's refusal to depart downward from the 46-month sentence recommended and accepted pursuant to his plea agreement.
 
 
 2
 The only formal request for a downward departure was based on the circumstances that appellant was the father of four children, from age 3 to age 12; that his wife was a practical nurse working with AIDS patients and earned $332.00 every two weeks; that food has been scarce; that, having no immediate family available, she has had to leave her children alone when working; and that the children receive psychological and psychiatric help on a voluntary basis.
 
 
 3
 At the sentencing hearing, the court and appellant's counsel discussed the circumstances in United States v. Sclamo, 997 F.2d 970 (1st Cir.1993), a case in which we affirmed a decision of the district court to depart downward. In that case, defendant, though not a biological father, nevertheless was described by a psychologist as having demonstrated over time a critical and unique role in his relationship with a child suffering from a clinical disorder, with a prognosis of risk of serious regression should defendant be incarcerated. In the case at bar, the court noted that the persuasive factors in Sclamo were not present and that the family's turmoil was no more than the natural consequences of a father's imprisonment. It concluded that the criteria for departure set forth in United States v. Rivera, 994 F.2d 942 (1st Cir.1993), had not been met. This conclusion, being a refusal to exercise discretion to depart downward, is not reviewable. United States v. Romero, 32 F.3d 641, 653 (1st Cir.1994).
 
 
 4
 Appellant has briefed a second issue--that the court erred in not considering coercion as a ground for downward departure. Our threshold question is whether any such request was made.
 
 
 5
 This is the sequence of events. At the sentencing hearing, after defense counsel presented her argument based on family circumstances, the court asked if defendant wished to say anything. He then gave the following narrative: he had been invited by a man he thought was a "noble person" to go fishing at St. Thomas; once there, baiting a net, he learned that the mission was to get marihuana; he was to be paid forty or fifty thousand dollars for his participation; when he endeavored to leave, his associate exhibited a cellular phone and said he would call the owner of the marihuana, who would "see that you and your family disappear."
 
 
 6
 Appellant closed his remarks by saying that he had been hurt irreparably, "for which reason at any time the government will arrest him I am willing to unmask him. That is all."
 
 
 7
 Then followed three versions of what appellant had said. The prosecutor pointed out the inconsistency between appellant's testimony and the plea agreement, where appellant had confessed to participating in the smuggling venture. The court thought the story was not a denial of entering the venture but an explanation of how appellant became involved. It recognized that his "reasons ... bordered on coercion" but that this had never been asserted as a defense. And appellant's counsel volunteered that appellant had tried to show "that he is willing at any time that the government needs him, to cooperate fully and like he said, 'desen mascarar' [unmask] that person that has caused some damage to him and his family."
 
 
 8
 On this record we cannot say that the court was faced with any request to depart downward. Reviewing for plain error, we find none. Not only did the plea agreement contain a flat acknowledgement of appellant's participation, without caveat or excuse, but after the prosecutor orally summarized the events leading up to arrest, the appellant stated his agreement and did not accept the court's offer to add any "corrections or modifications."
 
 
 9
 Affirmed.
 
 
 10
 I enclose a draft per curiam, which I see no need to publish. I welcome your comments and suggestions.